IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**MARK ALLEN KITTLE,**

        **Plaintiff,**

v.                                          Case No.: 2:13-cv-09548

**CAROLYN W. COLVIN,**
**Acting Commissioner of the Social**
**Security Administration,**

        **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

This *pro se* action seeks a review of the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying Plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. This case is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned recommends that the Plaintiff's complaint be **DISMISSED**, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1, and this action be removed from the docket of the Court.

**I.**    **Procedural History**

On January 29, 2010, Plaintiff filed an application for SSI, alleging a disability onset date of August 2, 2009. (ECF No. 8-2 at 14). The Social Security Administration

1

denied Plaintiff's claim initially and upon reconsideration; accordingly, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). By written decision dated January 4, 2012, the ALJ found that Plaintiff was not disabled under the Social Security Act. (*Id.* at 14-22). The ALJ's determination became the final decision of the Commissioner on April 1, 2013 when the Appeals Council denied Plaintiff's request for review of the decision. (*Id.* at 2-4).

On April 30, 2013, Plaintiff timely filed the instant Complaint for Review of the Decision of the Commissioner of Social Security and an Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 2). The Application was granted on May 2, 2013, and summonses were issued by the Clerk of Court on the same date to be served by Plaintiff. Plaintiff did not request assistance with service pursuant to Fed. R. Civ. P. 4(c)(3), and as of September 5, 2014, it appeared that Plaintiff had not effected service of process on Defendant. Moreover, upon review of the Complaint, the undersigned noted that the pleading was woefully inadequate. Accordingly, the Court issued an Order instructing Plaintiff to amend the Complaint by completing the form, and upon Plaintiff's filing of the Amended Complaint, the Court would instruct the Clerk to issue new summonses, and service would be effected by the Court. (*See* ECF No. 6). Plaintiff did not abide by the Order; however, Defendant nonetheless filed an Answer and Transcript of the Administrative Proceedings. (ECF Nos. 7, 8).

Consequently, on December 15, 2014, the undersigned entered an Order advising Plaintiff to file a brief in support of his Complaint as required by L. R. Civ. P. 9.4, or to file a motion to remand under L. R. Civ. P. 9.5. (ECF No. 9). Although, under the time frames set forth in the Local Rules, Plaintiff's brief/motion was due on January 5, 2015, in view of the holidays, Plaintiff was granted an extension of time through and including

Friday, January 23, 2015 in which to file his brief or motion. Plaintiff was also given instructions on how to obtain a copy of the Local Rules. Finally, Plaintiff was provided notice pursuant to L. R. Civ. P. 41.1 that the undersigned would recommend dismissal of this action, with prejudice, for failure to prosecute if Plaintiff did not pursue his claim by filing a brief in support of the Complaint, as required by Rule 9.4, or a motion to remand under Rule 9.5, or otherwise show good cause for retention of the action on the Court's docket. (*Id.*). Plaintiff was further notified that he could seek a voluntary dismissal of the action, without prejudice, by filing a motion requesting voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2). Plaintiff has taken no action in response to the Order.

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss a case upon the motion of a defendant if the plaintiff fails to prosecute an action or comply with a court order. Local Rule of Civil Procedure 41.1, recognizing that the Court has its own interest in keeping its calendar clear of "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief," *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630 (1963), likewise authorizes the presiding judicial officer to dismiss a civil action when it appears "that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution." L. R. Civ. P. 41.1. In deciding whether to dismiss a case for failure to prosecute, the Court must consider "(1) the degree to which [Plaintiff] is personally responsible for this delay; (2) the amount of prejudice this delay has caused the Commissioner; (3) whether [Plaintiff] has a 'drawn out history of deliberately proceeding in a dilatory fashion;' and (4) whether there are sanctions less drastic than dismissal with prejudice." *Robertson v. Social Security Administration,* Case No. 4:13-cv-00065, 2014 WL 4567785, at *3 (W.D.Va. Sept. 12, 2014) (quoting *Herbert v. Saffell,* 887 F.2d 267, 270 (4th Cir. 1989)).

3

"A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished); *see also Morgan v. Colvin,* Case No. 3:13-cv-00397-MR-DLH, 2014 WL 695284, at *2 (W.D.N.C. Feb. 24, 2014) (collecting cases).

In the instant case, Plaintiff is wholly responsible for the delay in moving this case forward. Plaintiff was granted leave to proceed with his civil action without paying the filing fee. When he failed to file an adequate Complaint and further failed to serve the Defendant with process, he was given an opportunity to correct those deficiencies. Although he neglected to make the requisite corrections, the Commissioner was willing to waive the technical inadequacies of Plaintiff's filings, and the lack of service of process, and proceed to a review of the substantive issues. Despite the Commissioner's filing of an Answer and the Transcript of the Administrative Proceedings, and in contravention of the Court's order to file a brief or motion, Plaintiff has taken no additional steps to prosecute this matter. Even after receiving a court order alerting him to the existence of Local Rules, instructing him on how to obtain a copy of the rules, and urging him to file the required brief in order to avoid to avoid dismissal, Plaintiff has taken no action whatsoever to prosecute his complaint. Plaintiff's failure to react and respond to the order can only be construed as a deliberate intention to abandon his case.

Given that the Commissioner's decision became final more than twenty-two months ago, and Plaintiff's complaint has been pending for nearly as long, the delay is clearly prejudicial to the Commissioner, who has been unable to respond to Plaintiff's outstanding claim in the absence of any articulated challenges to the ALJ's findings. Moreover, no less drastic sanction than dismissal is feasible, as Plaintiff has failed to

4

make any contact with the Court, and has given no indication of his desire to pursue this litigation. He clearly cannot afford to pay monetary sanctions, and no other sanctions seem relevant to the circumstances. Accordingly, dismissal is warranted. Moreover, "courts in this Circuit routinely dismiss cases under similar circumstances." *Morgan,* 2014 WL 695284, at *3 (collecting cases); *Dudley v. Colvin,* Case No. 4:12-cv-174, 2013 WL 3242377 (E.D.Va. Jun. 24, 2013).

## II. <u>Recommendations for Disposition</u>

Based on the foregoing, the undersigned United States Magistrate Judge respectfully **PROPOSES** that the presiding District Judge confirm and accept the findings herein and **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1, and remove this action from the docket of the Court.

**Plaintiff is hereby notified** that this "Proposed Findings and Recommendations" is now **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court

of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Copenhaver and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to provide a copy of the same to Plaintiff and to counsel of record.

**FILED**: February 10, 2015

Cheryl A. Eifert
United States Magistrate Judge